RUTH A. POST, Respondent, *v.* MARY J. STOCKWELL, Appellant.

*Negligence — what facts do not establish the contributory negligence of the plaintiff — when an employee will be held to be acting in performance of his duty, in an action brought to charge the master because of his negligence.*

Upon the trial of this action, brought to recover damages alleged to have been caused by the negligence of a servant of defendant while engaged in her business, it appeared that the defendant was in the habit of sending Muller, one of her employees, to the premises occupied by one Fisher, to receive paper shavings which accumulated in his factory; that the shavings, packed in bags, were thrown from an upper floor, through a hatchway, to be received by Muller, who undertook to guard the hatchway and passage beneath to prevent the passing of persons while the bags were being thrown down by an employee of Fisher; that the plaintiff, who was ignorant of this use of the hatchway, and was not warned by Muller, was, while passing into the building in which she (plaintiff) was employed, struck by one of the bags and injured.

*Held,* that the fact that the plaintiff knew that the hatchway was used for lowering paper and other things (although she had never seen bundles thrown down it), and that she knew that Fisher himself had fallen through it about two weeks before, did not show that the plaintiff was guilty of contributory negligence.

That as Muller was engaged in his master's service in receiving the paper, and participated in a method of receiving the same which was dangerous to passers-by, his employer was liable for an injury occasioned by his negligence.

Appeal from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*J. E. Ludden,* for the appellant.

*W. W. Badger,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover damages alleged to have been suffered through the negligence of a servant of the defendant while engaged in her business.

One Fisher was an occupant of premises No. 24 Vesey street, New York, and had been in the habit of selling to the defendant the paper shavings which accumulated in his, Fisher's, factory. The defendant was accustomed to send bags to the factory, in which the shavings were packed, as they were made, and on the morning of the accident one of Fisher's servants had sent word to the defendant to send and take away a lot of paper which had accumulated there, and the defendant Muller, an employee of the defendant, was sent with a hand cart to bring away the paper. Upon reaching the premises, the paper being upon an upper floor of the building, was thrown down a hatchway to be received by Muller, who undertook to guard the hatchway and passage beneath to prevent the passage of persons, while Donohue, Fisher's employee, was throwing down said bags of paper. The plaintiff, in passing into the building in which she was employed, and being ignorant of this use of the hatchway, and not being warned by Muller, was struck by one of the bags and injured. It appears that the plaintiff knew that the hatchway over the entrance was used for lowering paper and other things (but had never seen bundles thrown down the hatchway) and that Fisher himself had fallen through it about two weeks before.

Upon the trial a motion was made to dismiss the complaint because it was shown that the plaintiff herself was guilty of contributory negligence. It is true that the plaintiff knew that her employer had fallen down this hatchway from an upper floor some two weeks before, but this fact hardly called upon her to suppose that in entering the building she was liable to encounter men falling down the hatchway. The knowledge of Fisher's fall might have put the plaintiff upon her guard as to the danger of falling down the hatchway herself, but did not require her to exercise much greater care in passing in the building lest she might be

fallen upon.   It is also true that she knew that this hatchway was used for the lowering of goods from the upper floors to the ground floor, but she had no knowledge that the dangerous practice of throwing goods down the hatchway had ever prevailed, and she not only had no reason to anticipate such a danger, but every reason to suppose that such a danger did not exist as she had always seen goods lowered through the hatchway.   The mere fact of seeing a man standing in the passage is not shown to have been such a strange phenomenon as would necessarily attract the attention of the ordinary passer-by, or that it was a circumstance calculated to attract attention or cause remark.   The plaintiff having no reason to anticipate the danger which she encountered, does not seem to have been guilty of contributory negligence in entering the building in the ordinary way.

The next question involved in this appeal is as to the liability of the defendant.   It is claimed that Muller was not about his master's business when he undertook to keep people away from the passage while Donohue was throwing down the bags.   Muller was sent to get this paper and bring it away, and he undertook to receive it in this dangerous way, and it was because of his negligence in not keeping persons out of this passage-way while he was engaged in receiving the paper that the plaintiff was injured.   In receiving the paper Muller was engaged in his master's service, and if he participated in a method of receipt dangerous to passers-by, and an injury occurred, his employer is responsible.   This was not an act of Muller outside of his employment; he was engaged in the very act for which he was sent, viz., receiving the goods.   He knew that it was dangerous to receive them in that way, and he undertook to guard against that danger, and because he did not do so the accident occurred.   Muller's relations to the defendant were not changed because he assented to this dangerous method of receiving the goods at the suggestion of Fisher's servant.   He was engaged in their receipt, and it was for the purpose of receiving these goods that he was sent.   It would seem, therefore, that the defendant was responsible for his negligence.

The judgment and order appealed from should be affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Judgment and order affirmed.